# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID MALCICH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:21-CV-1321 RLW |
| ENERGY MARKETING 1224, LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Stay the Case. (ECF No. 27). Plaintiff opposes the motion and it is fully briefed. (ECF No. 32). For the reasons below, the Court will grant Defendant's motion.

This case arises from Defendant's alleged violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12213 ("ADA"). (ECF No. 1). Plaintiff—a self-proclaimed "tester" who seeks to monitor and ensure compliance with the ADA—seeks injunctive relief against Defendant. *Id.* Plaintiff asks this Court to order Defendant to, among other things, bring its property into compliance with the ADA. *Id.*

This case has been pending since November 8, 2021. *Id.* Since then, the parties have engaged in written discovery and limited settlement negotiations. (ECF Nos. 28, 32). Defendant asserts it has undertaken efforts to correct the alleged violations, including hiring an architect who has prepared plans to cure all alleged violations. (ECF No. 27 at p. 2). Defendant claims that it has already remedied most "out-of-date compliance conditions." *Id.* at 3. For these reasons, Defendant seeks to stay the litigation for 90 days to conserve judicial resources, attorney's fees, and costs. (ECF No. 27 at 2-3). Plaintiff argues that a stay is unnecessary and inappropriate because avoiding

1

the costs of litigation is not an adequate basis for a stay. (ECF No. 32 at 5). Plaintiff also claims he will suffer undue hardship if this Court stays the litigation. *Id.* at 7.

"A district court has broad discretion to stay proceedings when appropriate to control its docket[.]" *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006). "In considering a motion for stay, a court should consider the interest of judicial economy and efficiency, and the potential prejudice or hardship to the parties." *Johnson v. KFC Corp.*, No. 07-0416-CV-W-HFS, 2007 WL 3376750, at *2 (W.D. Mo. Nov. 7, 2007).

A short stay is appropriate in this matter. As this Court explained in another case involving Plaintiff, a short stay "promotes the interests of securing [a] just, speedy, and inexpensive determination" when an ADA defendant has already undertaken remedial measures. *Malcich v. Lion Petroleum, Inc.*, 4:22-CV-326 CDP, ECF No. 15, (E.D. Mo., May 3, 2022) (citation and internal quotation marks omitted). The Court is not persuaded that a 90-day stay will prejudice Plaintiff. This matter is less than a year old. If the issues in this case are not resolved after 90 days, Plaintiff may request additional time for discovery. Moreover, Plaintiff seeks only injunctive relief in this case. While a stay could, in theory, delay such relief, it is equally likely to resolve this matter more fairly and efficiently than would otherwise be possible.

Plaintiff cites several cases for his proposition that the cost of litigation is not a sufficient hardship to justify a stay. (ECF No. 32 at 4-3). Plaintiff relies in part on *Mesabi Iron Co. v. Rsrv. Min. Co.*, 268 F.2d 782, 783 (8th Cir. 1959). *Mesabi* involved a motion to stay all proceedings and the suspension of all injunctive relief pending appeal. *Id. Mesabi* did not involve ADA claims or ongoing remedial measures by a defendant. *Id.* It is not instructive here.

Plaintiff relies most heavily on *Miller v. Ataractic Inv. Co.*, 11-03509-CV-DGK (W.D. Mo. Dec. 11, 2012). In *Miller*, the defendant requested a stay of approximately eight months to begin

remedial measures that it believed would resolve plaintiff's claim. *Miller*, 11-03509-CV-DGK. The district court, relying on a case from the Ninth Circuit, held that "the ordinary cost of litigation is not the kind of undue hardship or inequity for which courts typically grant a stay." *Id.* (citation omitted). The court concluded that if the defendant wanted to avoid the costs associated with litigation, "it [was] free to enter into a settlement with Plaintiff prior to trial." *Id.*

*Miller* is distinguishable in three important ways. First, Defendant in this case has already undertaken remedial measures and purports to have already resolved many of the alleged violations—a contention Plaintiff does not meaningfully dispute. (ECF No. 28 at pp. 5-6). Second, Defendant seeks only a 90-day stay, not an eight-month stay. And third, according to Defendant, Plaintiff has refused to engage in further settlement discussions while discovery is still pending. (ECF No. 28 at 1).

Plaintiff cites several other cases that are only tangentially related to the matter at hand. Notably, Plaintiff cites no authority prohibiting this Court from issuing a short stay in order to foster a better environment for settlement. A stay does not hinder Plaintiff's access to the courts nor does it cause undue hardship. Rather, it gives the parties a chance to resolve this matter without accumulating excessive attorney's fees and costs. If Defendant's remedial measures are insufficient to resolve this matter, the case can and will move forward.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Energy Marketing 1224, LLC's Motion to Stay (ECF No. 27) is **GRANTED**. Discovery is stayed until **September 26, 2022**. Until that time, the parties are encouraged to meet and confer regularly regarding Defendant's ongoing remedial efforts.

**IT IS FURTHER ORDERED** that the parties must file a Joint Status Report no later than **September 26, 2022**. The Joint Status Report must include the following information: (1) The alleged violations that Defendant has already remediated; (2) The alleged violations that Defendant plans to remediate; (3) The alleged violations that Defendant has not remediated nor plans to remediate; (4) Efforts by Plaintiff to verify that Defendant has made the claimed remediations; and (5) The parties' positions on how the case should proceed. The Court will revisit its Case Management Order at that time, if necessary.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Compel Discovery (ECF No. 21) and Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 29) are **DENIED** as moot.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of June, 2022.